UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-60210-BLOOM/VALLE

MICHELLE PORTER,

      Plaintiff,

v.

ANDREW SAUL,[1]
Commissioner of Social
Security Administration,

      Defendant.

_____

## REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff Michelle Porter's Petition for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA") (ECF No. 72) ( the "Fee Petition"). United States District Judge Beth Bloom has referred the Fee Petition to the undersigned for a Report and Recommendation. *See* (ECF No. 74).

After due consideration of the record, the Fee Petition (ECF No. 72), Defendant's Response (ECF No. 73), and being otherwise fully advised on the matter, the undersigned recommends that Plaintiff's Fee Petition be **GRANTED IN PART AND DENIED IN PART** for the reasons set forth below.

## I.      BACKGROUND

On January 29, 2020, the District Judge adopted the undersigned's Report and Recommendation granting Plaintiff's Amended Motion for Summary Judgment and remanding

---

[1] Andrew Saul is now the Commissioner of Social Security. Consequently, pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

this case to the Administrative Law Judge ("ALJ") for further proceedings. *See* (ECF Nos. 70, 71 at 2). Plaintiff then filed the Fee Petition, seeking $15,067.31 in attorney's fees pursuant to the EAJA. *See* (ECF No. 72 at 5). Defendant objects to the Fee Petition, arguing that its position was substantially justified.[2] (ECF No. 73 at 3-6). Alternatively, Defendant argues that, if the undersigned finds that its position was not substantially justified, Plaintiff's requested fees are excessive and should be reduced. *Id.* at 6-8.

## II.   **DISCUSSION**

### A.   **Fees under the EAJA**

Under the EAJA, the prevailing party in a civil action or agency review brought by or against the United States is entitled to reasonable attorney's fees and costs incurred as a result of such action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). More specifically, a party may recover attorney's fees under the EAJA when the party meets five requirements: (i) the party seeking the award is the prevailing party; (ii) the fee application includes an itemized statement for the amount sought and is timely filed; (iii) the claimant's net worth is less than $2 million at the time the Complaint was filed; (iv) the position of the Commissioner was not substantially justified; and (v) there are no special circumstances that would

---

[2] Although the Fee Petition was filed prior to the entry of final judgment, Defendant acknowledges that this procedural defect will be mooted by the passage of time. (ECF No. 73 at 3); *see* 28 U.S.C. § 2412(d)(1)(B) (under EAJA, a party must apply for fees "within thirty days of a final judgment in the action."). Accordingly, Defendant "has no objection to the Court deeming [the Fee Petition] filed [as of] August 31, 2020, and ruling on it thereafter; or, if judgment is entered earlier, [] deeming the [Fee Petition] filed 61 days after judgment is entered and ruling on it thereafter." (ECF No. 73 at 4). In light of Defendant's concession, and to promote judicial efficiency, the undersigned recommends that the Court consider this Report and Recommendation but not issue its final ruling on the merits until August 31, 2020, when the final judgment would become final and the Fee Petition ripen. *See* Fed. R. Civ. P. 58(c)(2) and Fed. R. App. P. 4(a)(1)(B) (setting forth timing for entry of final judgment and appeal thereof).

make an award unjust.[3]  *See* 28 U.S.C. § 2412(d)(1), (2).  Here, the only contested issue is whether Defendant's position was substantially justified.

To establish that its position was "substantially justified" under the EAJA, Defendant must show that its position was "justified to a degree that could satisfy a reasonable person."  *INS v. Jean,* 496 U.S. 154, 158 n.6 (1990) (quotations omitted).  Defendant bears the burden of showing that its position had "a reasonable basis both in law and fact."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Reese v. Sullivan*, 925 F.2d 1395, 1396 (11th Cir. 1991).  Nonetheless, neither the outcome of the underlying litigation nor the actual correctness of Defendant's position is dispositive of whether Defendant's position can be deemed substantially justified.  *Pierce*, 487 U.S. at 569.  Further, in considering fee petitions under the EAJA, some courts analyze whether the Commissioner's position was substantially justified in the case as a whole rather than on an issue-by-issue basis.  *See, e.g., Miccosukee Tribe of Indians of Fla. v. United States*, No. 04-21448-CIV, 2010 WL 9034623, at *3 (S.D. Fla. Mar. 15, 2010) (citing *Jean*, 496 U.S. at 154) (rejecting a piecemeal approach to determining whether the Commissioner's position is substantially justified); *Williams v. Astrue*, 595 F. Supp. 2d 582, 586 (E.D. Pa. 2009) (adopting a "totality of the circumstances" analysis in determining whether the Commissioner was substantially justified in its general support of the ALJ); *but cf. Scogin v. Colvin*, No. 3:12-CV-30 CDL-MSH, 2013 WL 5972201, at *2 (M.D. Ga. Nov. 8, 2013) (conducting an issue-by-issue analysis, concluding that the Commissioner's position was substantially justified on one of two issues and awarding corresponding EAJA fees).

---

[3] Defendant does not claim the existence of any special circumstances that would make an award unjust, nor does the undersigned find that any such circumstance exists.  *See generally* (ECF No. 73).

Here, Defendant generally argues that its position on both issues (regarding the propriety of the ALJ's evaluation of the VA's disability rating (the "VA issue") and the existence of a potential conflict between the Vocational Expert's testimony and the Dictionary of Occupational Titles (the "VE/DOT issue")) was substantially justified, making an award of fees unwarranted under the EAJA.  *See generally* (ECF No. 73); *see also* (ECF No. 47) (Defendant's Amended Motion for Summary Judgment) (the "Summary Judgment Motion").  Ultimately, because the undersigned finds that Defendant's position was not substantially justified on either issue, the Court need not address whether EAJA fees should be awarded based on a holistic case approach or on an issue-by-issue basis.  *Compare United States v. Jones*, 125 F.3d 1418, 1429 (11th Cir. 1997) (concluding that case can be viewed as a whole where there are common core facts or related legal theories even if a party seeking an award of EAJA fees did not prevail on every contention) *with Matthews v. United States*, 713 F.2d 677, 684 (11th Cir. 1983) (concluding that the government is only responsible for that portion of the expenses attributable to its unjustified positions).

      *1.  Defendant's Position on the VA Issue was Not Substantially Justified*

First, Defendant argues that its position regarding the propriety of the ALJ's evaluation of the VA's disability rating was substantially justified.  (ECF No.73 at 4).  In its Summary Judgment Motion, Defendant argued that the ALJ had properly assigned "little weight" to the VA's 100% disability rating on the basis that: (i) the VA used different criteria for determining disability than that used by the Social Security Administration ("SSA"); and (ii) in any event, the ALJ considered the evidence upon which the VA had relied in making its disability assessment.  *See* (ECF No. 48 at 7, 8).  In support of its position, Defendant primarily relied on *Ostborg v. Commissioner of Social  Security,* 610 F. App'x 907, 914 (11th Cir. 2015) and *Hacia v. Commissioner of Social*

*Security*, 601 F. App'x 783, 786 (11th Cir. 2015). *See generally* (ECF No. 48 at 8, 9). However, as discussed below, neither of these cases provides substantial justification in fact or law for Defendant's position.

In *Ostborg*, for example, although the court concluded that the ALJ's reliance on the different evaluation standards was not error, the court's reasoning was firmly based on two grounds: (i) the claimant's less than 100% VA disability rating; and (ii) the ALJ's articulated reasons for discounting that rating. First, as to the 100% disability rating, the court stated:

> Notably, this case is distinguishable from *Brady* and *Rodriguez*. . . . [I]n contrast to the claimants in *Brady* and *Rodriguez*, [the claimant here] was not given a 100% disability rating from the VA; instead, his maladies fell short of meeting the VA's schedular requirements for disability, but he was given a permanent and total disability rating based on extraschedular factors.

*Ostborg*, 610 F. App'x. at 914. Here, unlike in *Ostborg*, Plaintiff received a 100% disability rating from the VA. *See* (ECF No. 44 at 3). This is a critical factual distinction that renders *Ostborg* inapposite. *See, e.g.*, *Beshia v. Comm'r of Soc. Sec.*, 328 F. Supp. 3d 1341, 1348 (M.D. Fla. 2018) (noting that cursory treatment of the VA's 100% disability rating constitutes legal error as there no indication that the ALJ read and comparatively assessed the VA disability report); *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981) (noting that "[a] VA rating of 100% disability should [be] more closely scrutinized by the ALJ.").[4]

Second, the *Ostborg* court noted that the ALJ provided "specific reasons for discounting the VA's determination [showing] [the ALJ] *considered and closely scrutinized* that determination." 610 F. App'x. at 915 (emphasis added). In contrast, the ALJ here provided a

---

[4] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

vague and conclusory one-line statement for discounting the VA determination, simply stating: "The evidence from which the VA derived their opinion has been considered in the current analysis."  *See* (R. 21).  This one-line statement, however, falls far short of the consideration and close scrutiny referenced in *Ostborg*.  Simply put, the ALJ's Decision in this case failed to explain to any degree what evidence underlying the VA's determination was considered or how or why it should be given little weight in the Social Security context.  *See* (ECF No. 70 at 12).

Defendant's reliance on *Hacia* is also inapposite.  Defendant cites *Hacia* for the general proposition that the ALJ did not err in discounting another agency's disability finding when that agency's assessment criteria differs from the SSA's criteria.  *See Hacia*, 601 F. App'x at 786; (ECF No. 48 at 8).  Defendant's argument, however, ignores the basic but critical point that reliance on differing agency criteria, *without more*, is an insufficient basis to discount the VA's determination.  *See Hilderbrandt v. Berryhill*, No. 5-17-CV-35-Oc-DNF, 2018 WL 992824, at *6 (M.D. Fla. Feb. 21, 2018) ("The fact that the two agencies utilize different determination processes does not constitute good cause for rejecting evidence that is entitled to great weight.").

Against this factual and legal backdrop, the undersigned finds that Defendant has failed to meet its burden of showing that its position on the VA issue was substantially justified.  *See, e.g., Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016) (holding that VA disability determinations must be "seriously consider[ed] and closely scrutinize[d];" an ALJ must "give specific reasons if the ALJ discounts that determination;" and an ALJ cannot summarily ignore or give little weight to the such determinations); *see also Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) ("Although the V.A.'s disability rating is not binding on the Secretary of Health and Human Services, it is evidence that should be given great weight.") (quoting *Olson v. Schweiker*, 663 F.2d 593, 597 n.4 (5th Cir. Dec. 1981)); *Rodriguez*, 640 F.2d at

686 (noting that "[a] VA rating of 100% disability should [be] more closely scrutinized by the ALJ."). Accordingly, the undersigned recommends that Plaintiff be awarded fees on the VA issue.

   2.   *Defendant's Position on the VE/DOT Issue was Not Substantially Justified*

Defendant also argues that its position that there was no apparent conflict between the VE's testimony and the DOT was substantially justified.   *See* (ECF No. 73 at 4-5).   At the commencement of this litigation, controlling case law on the issue of VE/DOT conflicts provided that "when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT." *Jones v. Apfel*, 190 F.3d 1224 (11th Cir. 1999).  In October 2018, however,  the Eleventh Circuit decided *Washington v. Commissioner of Social Security,* 906 F.3d 1353 (11th Cir. 2018).   In *Washington*, the Eleventh Circuit held that when an apparent conflict exists between the VE's testimony and the DOT, the ALJ has an *affirmative duty* to *identify, explain, and resolve* such conflict.  *Washington*, 906 F.3d at 1365 (emphasis added).  A conflict is "apparent" if, "[a]t a minimum, . . . a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy."  *Id.*

Accordingly, in January 2019, Plaintiff filed an amended motion for summary judgment, highlighting the change in the law on the VE/DOT issue and arguing that the ALJ erred by not addressing an apparent conflict in this case.[5]  (ECF No.  44 at 24-36).  Defendant responded to Plaintiff's amended motion, arguing that "*Washington* did not apply in this case as there is no apparent conflict between the VE's testimony and the DOT."   *See* (ECF No. 48 at 18). Specifically, Defendant argued that individuals limited to "simple instructions" may nonetheless

---

[5] The potential "apparent conflict" lies between Plaintiff's RFC and the VE's testimony limiting Plaintiff to jobs requiring a Reasoning Skill Level ("RSL") of 1, and the DOT definition of those jobs selected by the VE, which seem to require an RSL of 2.  (ECF No. 44 at 24-36); *see also* (ECF No. 70) (Report and Recommendation).

perform jobs with an RSL of 2, and that therefore, the *Washington* requirement that an ALJ "identify, explain, and resolve" conflicts was not triggered in this case.[6]  *See* (ECF No. 48 at 12-13).

Defendant's cited authorities, however, predate *Washington* and are inapposite.   Here, a reasonable comparison of the DOT requirements for the jobs identified by the VE against Plaintiff's RFC suggests an apparent conflict.   Further, in light of *Washington's* expansion of the law – creating an *affirmative duty* to *identify, explain, and resolve* an apparent conflict – the ALJ here did not adequately address the apparent conflict.   Thus, Defendant's position was not substantially justified in law.   Accordingly, the undersigned recommends that Plaintiff be awarded fees on the VE/DOT issue.

---

[6] In support of this argument, Defendant cited to *Moore v. Commissioner of Social Security*, 623 F.3d 599, 604 (8th Cir. 2010) and *Ranstrom v. Commissioner of Social Security*, 622 F. App'x 687, 688-89 (9th Cir. 2015). (ECF No. 48 at 13).  In *Moore*, for example, the court found no direct conflict between "'carrying out simple job instructions' for 'simple, routine, and repetitive work activity,' . . . and the [VE's] identification of occupations involving instructions that, while potentially detailed, are not complicated or intricate."  *Moore*, 623 F.3d at 604.  Likewise, in *Ranstrom*, the court found "no appreciable difference between the ability to make simple decisions based on 'short, simple instructions' and the ability to use commonsense understanding to carry out 'detailed but uninvolved instructions,' which is what [RSL] 2 requires."  *Ranstrom*, 622 F. App'x at 688.  Defendant also cited to numerous  other cases, both in this District and from other Circuits, finding that a limitation to simple instructions was consistent with jobs having an RSL of 2.  *See* (ECF No. 47 at 13-14 and n.6) (citing to *Williams v. Colvin*, No. 15-61274-CIV, 2016 WL 4920997, at *12 (S.D. Fla. Mar. 7, 2016); *Komocsin v. Colvin*, No. 15-60744, 2016 WL 4801352, at * 12 (S.D. Fla. Feb. 22, 2016); *Chambers v. Comm'r of Soc. Sec.*, 662 F. App'x 869, 872-73 (11th Cir. 2016); *Hurtado v. Comm'r of Soc. Sec.*, 425 F. App'x 793, 795-96 (11th Cir. 2011)); *see also* (ECF No. 65) (citing *de Acosta v. Berryhill*, No. 16-81862-CIV-WM, 2018 WL 1472476, at *19 (S.D. Fla. Mar. 26, 2018); *Sugarman v. Berryhill*, No. 15-CIV-20332, 2017 WL 4868809, at *6 (S.D. Fla. Oct. 27, 2017); *Vazquez v. Colvin*, No. 12-23468-CIV, 2015 WL 1395238, at *7 (S.D. Fla. Mar. 25, 2015); *Menendez v. Colvin*, No. 12-21505-CIV, 2015 WL 1311460, at *3 (S.D. Fla. Mar. 23, 2015); *Hurtado v. Astrue*, No. 09-60930-CIV, 2010 WL 1850261, at *11 (S.D. Fla. Apr. 14, 2010)).

**B.      Reasonableness of Plaintiff's Fee Petition**

Having determined that Plaintiff should be awarded fees under the EAJA, the undersigned next addresses the reasonableness of the claimed fees.  An award of attorney's fees under the EAJA must be reasonable.  28 U.S.C. § 2412(b).  The amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)(ii).

In awarding fees under the EAJA, the court is afforded great discretion.  *See Jean*, 496 U.S. at 161 (the reasonableness of attorney's fees requested under the EAJA is within the district judge's discretion).  Moreover, in determining the reasonableness of fees under the EAJA, courts consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).[7] *See Fla. Suncoast Villas, Inc. v. United States*, 776 F.2d 974, 975-76 (11th Cir. 1985).

*1.  Reasonable Hourly Rate*

Although the EAJA limits attorney's fees to $125 per hour, courts may raise this ceiling based on increases in the cost of living.  *See* 28 U.S.C. § 2412(d)(2)(A)(ii).  Given that Defendant does not oppose this upward adjustment, and having reviewed counsel's cost of living calculations, the undersigned finds that Plaintiff's request for an upward adjustment to counsel's hourly rate is

---

[7] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Johnson*, 488 F.2d at 717-19, abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

reasonable.  (ECF No. 72 at 16); U.S. Bureau of Labor Statistics CPI Inflation Calculator at https://www.bls.gov/data/inflation_calculator.htm (last visited July 27, 2020) (reflecting a rate of $200.67 as the increased inflation rate in January 2018 (the date the complaint was filed) and $208.85 in January 2020 (the date the case was remanded to the ALJ)); *see also Washington v. Astrue*, No. 8:08-CV-1614-T-27TGW, 2010 WL 256549, at *2 (M.D. Fla. Jan. 21, 2010) (accepting upward adjustment of statutory billing rate where government did not object); *Torres v. Comm'r*, No. 6:07- CV-1384-ORL-18KRS, 2009 WL 35282, at *1 (M.D. Fla. Jan. 6, 2009) (same).  Further, this Court has previously awarded EAJA fees at similar rates.  *See, e.g., Van Ryn v. Comm'r of Soc. Sec.*, No. 19-CV-60379-BLOOM, ECF No. 24 (S.D. Fla. June 8, 2020) (granting EAJA fees at $203.75/hr to same counsel as in the instant case); *Coulton-Lehr v. Berryhill*, No. 18-CV-62198-BLOOM/VALLE (S.D. Fla. Apr. 25, 2019) (ECF No. 27) (granting EAJA fees at $201.67/hr); *see also* (ECF No. 76-1) (counsel's Notice of Previously Awarded Fees).  Consequently, the undersigned recommends that counsel be compensated at $203.75 an hour.

### 2.  *Reasonable Hours Expended*

Having determined the reasonable hourly rates, the undersigned next addresses the reasonableness of the hours expended by the attorneys working on the case.  As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel."  *Norman v. Hous. Auth.*, 836 F.2d 1292, 1301 (11th Cir. 1988) (quotations and citations omitted).  Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them."  *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).  The

fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action. *Id.* at 427, 432-33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

When determining whether the number of hours expended by counsel is reasonable, the court "must deduct time spent on discrete and unsuccessful claims." *Id*. at 1302. (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). Further, where a court finds the number of hours claimed by counsel is unreasonably high, the court may conduct an hour-by-hour analysis or reduce the requested hours with an across-the-board cut, but not both. *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id*.

Here, Plaintiff requests $15,067.31, based on 73.95 hours of work at an hourly rate of $203.75. (ECF No. 72 at 5). Defendant argues, however, that the requested fees are excessive and urges the Court to limit Plaintiff's recovery to 30 hours of work, which is what Defendant considers reasonable in a case where the issues were neither complex nor novel. (ECF No. 73 at 6-9).

Having considered the *Johnson* factors,[8] the undersigned nonetheless agrees that a fee reduction is warranted. First, there is some redundancy and repetitiveness in Plaintiff's filings and

---

[8] The *Johnson* factors weigh in favor of an award to Plaintiff. For example, as Defendant acknowledges, both parties cited "abundant case law" and spent considerable efforts in their filings, which addresses the first *Johnson* factor (time and labor required). (ECF No. 73 at 6). In addition, the second (novelty and difficulty of the questions presented), third (skill required to perform the legal service), and ninth (experience, reputation, and ability of the attorneys) factors also weigh in Plaintiff's favor. As to the eighth factor (amount involved and the results obtained), Defendant concedes that "Plaintiff's [counsel] obtained a good result for his client." (ECF No. 73 at 6). Here, the exercise of that discretion leads the undersigned to find in Plaintiff's favor. *See*

corresponding billing.[9]  *See* (ECF No. 72 at 2-5).  Further, although Defendant concedes that the VE/DOT issue was "somewhat novel" because the law was developing, (ECF No. 73 at 6), counsel's fees are excessive in that: (i) the VA issue was not novel; (ii) the overall issues in the case were not complex; and (iii) social security appeals generally involve much less time and briefing than the present case.  *See, e.g.*, *Huntley v. Comm'r of Soc. Sec.*, No. 6:12-CV-613-ORL-37, 2013 WL 5970717, at *2 n.1 (M.D. Fla. Nov. 8, 2013) (noting as uncommon an award in excess of thirty hours in social security appeals); *see also* (ECF No. 76-1) (listing cases in this District between February 2018 and January 2020 in which counsel in this case expended between 20 and 40 hours, resulting in fee awards of less than $8,000).  Nevertheless, Defendant's suggested reduction is too austere.  As discussed above, in reducing counsel's hours, the Court may conduct an hour-by-hour analysis or reduce the requested hours with an across-the-board cut, but not both.  *Bivins,* 548 F.3d at 1350.  Courts need not become "green-eyeshade accountants." *Fox,* 563 U.S. at 838.  Rather, the essential goal for the court is to "do rough justice, not to achieve auditing perfection."  *Id.*

---

*Jean*, 496 U.S. at 161 (determination of the reasonableness of attorney's fees under the EAJA is within the district judge's discretion).

[9] For example, on 8/22/2018, counsel reviewed case law regarding the VA issue and incurred 4.1 hours of time.  Similarly, on 2/19/2019, counsel again reviewed case law regarding the VA issue and expended 4.3 additional hours on this task.  *See* (ECF No. 72 at 2, 3).  Then on 6/3/2019, counsel incurred 6.7 hours for a reply memorandum.  *Id*. at 4.  Presumably, counsel's prior case law review overlapped with the preparation of a reply memorandum, such that the hours incurred are duplicative.  Similarly, on 6/11/2019, counsel expended 4.1 hours reviewing case law on the VE/DOT issue and between 6/11/2019 and 7/9/2019, counsel expended 5.75 hours preparing for oral argument.  *Id*.  Again, these hours seem duplicative and should be reduced.  Although Plaintiff should not be penalized for thoroughly briefing and analyzing the VE/DOT issue for the Court's consideration, there is some inherent redundancy in the many filings.  *See, e.g.*, (ECF No. 44) (Plaintiff's Amended Motion for Summary Judgment); (ECF No. 58) (Plaintiff's Reply Memorandum); (ECF No. 68) (Plaintiff's Reply to Defendant's Notice of Supplemental Authority); (ECF No. 69) (Plaintiff's Second Motion for Leave to Submit Persuasive Case Law from the Middle District of Florida).

Against this factual and legal background, the undersigned recommends an across-the-board 30% adjustment to account for excessive fees incurred on the VE/DOT issue and to address other redundancy within Plaintiff's numerous filings and resulting billing. *See, e.g., Scogin*, 2013 WL 5972201, at *5 (adjusting counsel's EAJA fee award to reflect that the Commissioner was substantially justified on one of the issues in the litigation and to reduce excessive hours); *see also Ovalle v. Perez*, No. 16-CV-62134, 2017 WL 7792719, at * 4 (S.D. Fla. Nov. 9, 2017) (recommending a 10% reduction for billing inefficiencies); *Shipping and Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290 (S.D. Fla. 2017) (adopting recommendation for a 15% reduction in fees based on billing inefficiencies). Accordingly, the undersigned recommends a reduction on the hours expended from 73.95 to 51.76 hours, based on a 30% reduction. Thus, Plaintiff should be awarded $10,546.10 in fees (51.76 hours x $203.75/hr).[10]

## III.   RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends that Plaintiff's Fee Petition (ECF No. 72) be **GRANTED IN PART AND DENIED IN PART**. Specifically, the undersigned recommends that the District Judge:

(i) Enter a final ruling on this Report and Recommendation *on or after August 31, 2020*, when Plaintiff's Fee Petition becomes timely under the Federal Rules of Civil Procedure;

---

[10] In the Petition, Plaintiff discloses that she has assigned to her attorney any fee award she may receive under the EAJA. (ECF No. 72 at 1); *see also* (ECF Nos. 72-1) (expressly noting that Plaintiff "assign[s] any entitlement that [she] may have to a fee under the [EAJA] to [counsel] . . . and understand[s] that the EAJA award shall be paid to [counsel]"). Notably, however, the presiding District Judge has previously concluded that it is the "prevailing party" who is to be awarded fees, and the EAJA "does not explicitly direct payment to the litigant's representative." *Harrell v. Commissioner*, No. 14-CV-20513 (S.D. Fla. Apr. 9, 2015). Accordingly, notwithstanding Plaintiff's assignment of EAJA fees to counsel, the fee award should be paid directly to Plaintiff.

(ii) Reduce counsel's compensable hours from 73.95 to 51.76, which reflects a 30% reduction to account for billing inefficiencies and to compensate Plaintiff at comparable amounts for this type of litigation within the District;

(iii) Award a total of **$10,546.10** in attorney's fees (51.76 hours x $203.75/hr), paid directly to Plaintiff, once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on July 28, 2020.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Beth Bloom
    All Counsel of Record